UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BAO MONG TRAN,            \*
                                   \*
     Petitioner,            \*
                                   \*
     v.                    \*        Civil Action No. 1:26-cv-11036-IT
                                   \*
TODD LYONS, et al.,        \*
                                   \*
     Respondents.       \*

MEMORANDUM & ORDER

March 20, 2026

TALWANI, D.J.

Pending before the court is Petitioner Bao Mong Tran's Petition for Writ of Habeas

Corpus [Doc. No. 1]. Petitioner alleges he is being unlawfully detained in violation of 8 U.S.C.

§ 1231, its implementing regulation 8 C.F.R. § 241.13, and the Fifth Amendment Due Process

Clause. Pet. ¶¶ 33–44 [Doc. No. 1]. For the below reasons, Petitioner's petition is GRANTED.

## I.     Background

Petitioner is a Vietnamese national residing in Massachusetts. Pet. ¶¶ 1, 13 [Doc. No. 1].

Petitioner immigrated to the United States in 1990 from Vietnam to reunite with his U.S. citizen

father. Id. ¶¶ 13, 17; Pet. Ex. 1, ¶ 3 ("Tran Decl.") [Doc. No. 1-3]. In 1994, Petitioner was

convicted of possession of cocaine with intent to distribute. Resp't's Opp'n Ex. 1, ¶ 17

("Anzelmo Decl.") [Doc. No. 9-1]. In January 1995, the Immigration and Nationalization

Service ("INS") initiated deportation proceedings against Petitioner. Id. ¶ 18. On or about April

5, 1995, Petitioner was released on an order of supervision.[1] Pet. Ex. 2 [Doc. No. 1-4]. On or

---

[1] Respondents assert that the order was issued inadvertently. Anzelmo Decl. ¶ 19 [Doc. No. 9-1].

about September 8, 1995, an Immigration Judge ordered Petitioner deported to Vietnam. Anzelmo Decl. ¶ 20 [Doc. No. 9-1]. Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"). Id. On or about September 30, 1995, the BIA dismissed the appeal, which rendered the Immigration Judge's order a final order of deportation. Id. ¶ 21. On or about May 3, 1996, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody. Anzelmo Decl. ¶ 22 [Doc. No. 9-1]. At that time, however, Vietnam would not accept Petitioner. Tran Decl. ¶ 6 [Doc. No. 1-3]. On or about May 10, 1996, Petitioner was released from ICE custody on an order of release on recognizance. Anzelmo Decl. ¶ 23 [Doc. No. 9-1]. Petitioner states, and Respondents do not dispute, that "[f]or the last approximately thirty-one years, [Petitioner] has stayed out of legal trouble and has complied with his order of supervision. Pet. ¶ 22 [Doc. No. 1].

Meanwhile, in 2020, the federal government entered into a Memorandum of Understanding ("MOU") with the government of Vietnam that established a process for determining the eligibility of repatriation for Vietnamese nationals who came to the United States before 1995. Pet'r's Reply Mem. ISO Pet. for Writ of Habeas Corpus Ex. 1 [Doc. No. 10-1]. Respondents further report that more recently, since February 2025, the governments of Vietnam and the United States have increased cooperation to effectuate the repatriation of Vietnamese nationals. Anzelmo Decl. ¶ 6 [Doc. No. 9-1]. Respondents report that on or about June 9, 2025, ICE Enforcement and Removal Operations ("ERO") rescinded guidance that there was no significant likelihood of removal in the reasonably foreseeable future to Vietnam. Id. ICE has removed six hundred and ninety-nine noncitizens to Vietnam in fiscal year 2025, including three hundred and twenty-seven noncitizens who, like Petitioner, entered the United States prior to 1995. Id. ¶ 8.

2

The process to issue the travel documents necessary to remove noncitizens to Vietnam takes multiple steps. The process begins with the ERO field office, which prepares the travel document request and submits the request to the ICE Removal Management Division. Id. ¶ 13. The Division then submits the request to the ERO Attache in Hanoi, Vietnam, to process the request. Id. Once the government of Vietnam receives the request, it has thirty days to issue a travel document. Id.

Earlier this year, Petitioner was scheduled to conduct an e-mail check-in with ICE but instead was told to present himself at the ICE office in-person. Tran Decl. ¶ 10 [Doc. No. 1-3]. Petitioner presented himself at the Burlington ICE office on or around January 21, 2026, where ICE officers proceeded to detain him. Id. ¶ 11; Anzelmo Decl. ¶ 24 [Doc. No. 9-1]. ICE issued Petitioner a Notice of Revocation of Release, "revoking [Petitioner's] order of supervision and indicating that ICE determined that purposes of Petitioner's release had been served and it is appropriate to enforce the removal order." Anzelmo Decl. ¶ 24 [Doc. No. 9-1]. That same day, ICE conducted an informal interview with Petitioner. Id.

Petitioner has remained in custody since January 21, 2026. Tran Decl. ¶ 11–12 [Doc. No. 1-3]. Respondents maintain that ICE is "working diligently to prepare [a] travel document request" for Petitioner, Anzelmo Decl. ¶ 25 [Doc. No. 9-1], but the "soon to be completed" request has not yet been submitted to the Government of Vietnam. Resp't's Opp'n 18 [Doc. No. 9].

## II.    Discussion

Respondents argue that the 2020 MOU and more recent successful efforts by ICE ERO to repatriate Vietnamese nationals constitute a change of circumstances as contemplated by 8 C.F.R. § 241.13. Resp'ts' Opp'n 11 [Doc. No. 9]. Given these changed circumstances and ICE's determination that there is a significant likelihood that Petitioner will be removed in the future—

3

based on the number of travel documents approved by the Vietnamese government for other

individuals who entered prior to 1995—Respondents conclude that revocation of Petitioner's

Order of Supervision was conducted in accordance with 8 C.F.R. § 241.13. Id. at 9, 11.

In reply, Petitioner contends that Respondents acted in violation of 8 C.F.R. § 241.13

where they did not make an "individualized, fact-based determination based on changed

circumstances that [Petitioner's] removal had become significantly likely to occur in the

reasonably foreseeable future." Pet'r's Reply 2 [Doc. No. 10]. Petitioner argues that Respondents

have therefore failed to meet the necessary burden to justify Petitioner's re-detention. Id.

Pursuant to 8 U.S.C. § 1231, ICE has the authority to detain noncitizens with final orders

of removal. Under the statutory scheme, when a noncitizen is ordered removed, the Attorney

General is required to remove the individual within a 90-day period called the "removal period."

8 U.S.C. § 1231(a)(1)(A); id. § 1231(a)(2). Should the removal period expire before a noncitizen

is removed, subject to certain exceptions, the noncitizen may be released "subject to supervision

under regulations prescribed by the Attorney General." 8 U.S.C. § 1231 (a)(3).

The Department of Homeland Security's regulation, 8 C.F.R. § 241.13, establishes

"special review procedures" for noncitizens

> who are subject to a final order of removal and are detained under the custody
> review procedures provided at § 241.4 after the expiration of the removal period,
> where the alien has provided good reason to believe there is no significant
> likelihood of removal to the country to which he or she was ordered removed, or to
> a third country, in the reasonably foreseeable future.

8 C.F.R. § 241.13(a).[2] As relevant to the pending matter, the regulation establishes procedures

ICE must follow to re-detain noncitizens who have been released. 8 C.F.R. § 241.13(i).

---

[2] An "alien" is "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

Specifically, the regulation requires "(1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." Kong v. United States, 62 F.4th 608, 619–20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2)).

The individualized determination required by the regulation must take place before a noncitizen is re-detained. Huynh v. Wesling, No. 25-CV-13794-AK, 2026 WL 183467, at *3 (D. Mass. Jan. 23, 2026); see also Munagi v. McDonald, No. CV 25-13175-NMG, 2025 WL 3688023, at *2 (D. Mass. Dec. 19, 2025) ("[T]he changed circumstances that make an alien's removal likely in the foreseeable future must have existed at or before the [order of supervision] revocation; post-hoc justifications are inadequate."). To determine whether changed circumstances exist, ICE is instructed to consider the factors enumerated in 8 C.F.R. § 241.13(f). Kong, 62 F.4th at 620; Van Tran v. Hyde, No. 25-CV-12546-ADB, 2025 WL 3724853, at *2 (D. Mass. Dec. 24, 2025). These factors include but are not limited to:

> the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f). A court considering a challenge to redetention must also review ICE's claim that removal is significantly likely in the reasonably foreseeable future in light of those same factors. Huynh, 2026 WL 183467, at *3.

Respondents have provided information about ICE's general efforts to remove noncitizens to Vietnam, the increased cooperation between the United States government and the Vietnamese government, and ICE's success in the past year in removing Vietnamese nationals to Vietnam. Anzelmo Decl. ¶¶ 6, 8, 14 [Doc. No. 9-1]; Van Tran, 2025 WL 3724853, at *3. But

Respondents have not shown that, at the time of Petitioner's revocation of supervision, any individualized determination of Petitioner's case had occurred and that circumstances had changed such that Petitioner (and not Vietnamese nationals in general) would be significantly likely to be removed in the reasonably foreseeable future. Applying the factors enumerated in 8 C.F.R. § 241.13(f), Respondents have provided no information that, at the time of the arrest, Respondents had made any efforts to remove Petitioner to Vietnam. To the contrary, even now, Respondents have not yet prepared a travel document request for Petitioner. Anzelmo Decl. ¶ 25 [Doc. No. 9-1]. Respondents have made no suggestion that Petitioner had failed to cooperate in those efforts, nor have they provided information on the views of the Department of State regarding the prospects of Vietnamese nationals' removal to Vietnam. Meanwhile, Petitioner has historically complied with his order of supervised release. See Tran Decl. ¶ 8 [Doc. No. 1-3]. Petitioner appears to have been detained solely because other pre-1995 arrivals have successfully been removed, and because Respondents anticipated that, after lodging a travel document request for Petitioner, they would similarly be able to remove Petitioner. Van Tran, 2025 WL 3724853, at *3. Such reasoning underscores that there was no "individualized determination" regarding Petitioner's circumstances before he was detained. See id.; Nguyen v. Lyons, No. 25-CV-631-MSM-PAS, 2026 WL 125093, at *4 (D.R.I. Jan. 16, 2026) ("Respondents again do not claim any individualized findings as to how or why Petitioner may be removed in the reasonably foreseeable future. . . . The fact that Respondents are making efforts to process documents does not shed light on any eligibility details specific to [Petitioner]." (internal citations omitted)).

Respondents also have not complied with the regulation's further requirement that, should the government revoke a noncitizen's release, upon revocation the noncitizen will be notified of the reasons for the revocation. 8 C.F.R. § 241.13(i)(3). The Notice of Revocation of

Release issued to Petitioner upon being detained indicated that "ICE determined that purposes of Petitioner's release had been served and it is appropriate to enforce the removal order." Anzelmo Decl. ¶ 24 [Doc. No. 9-1]. But this "reason" is insufficient where it does not reference any changed circumstances in Petitioner's case. See Nguyen, 2026 WL 125093, at *3 ("This circular reasoning that the change of circumstances is that ICE has determined there is a change of circumstances, without noting what those circumstances are, cannot meet the basic burden imposed by ICE's own regulations.").

Finally, the government must also conduct an initial informal interview after the noncitizen is returned to custody "to afford the [non-citizen] an opportunity to respond to the reasons for revocation stated in the notification." Id. at *2; 8 C.F.R. § 241.13(i)(3). Here, while Respondents assert that Petitioner had such an interview, see Anzelmo Decl. ¶ 24 [Doc. No. 9-1], Petitioner would have had no way to "respond to the reasons for revocation stated in the notification[,]" 8 C.F.R. § 241.13(i)(3), where the notification provided such limited reasoning. See Hall v. Nessinger, No. 25-CV-667-JJM-PAS, 2026 WL 18583, at *7 (D.R.I. Jan. 2, 2026) ("The noncitizen 'must be told what circumstances had changed or why there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition, as allowed under § 241.13(i)(3).'" (citing Sarail A. v. Bondi, 803 F. Supp. 3d 775, 787 (D. Minn. 2025))); see also Vo v. Lyons, No. 1:25-CV-533-JL-TSM, 2026 WL 323133, at *5 (D.N.H. Jan. 27, 2026).

In sum, the court finds that ICE's revocation of supervised release and detention of Petitioner did not comport with the requirements established by 8 C.F.R. § 241.13. At the time of Petitioner's revocation of supervised release, Respondents failed to make an individualized

determination that, based on changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2).

**III.   Conclusion**

For the foregoing reasons, Petitioner's <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1] is GRANTED. Respondents shall release Petitioner from custody. Petitioner shall be released subject to the conditions of his preexisting Order of Supervision.

IT IS SO ORDERED.

March 20, 2026                                          /s/ Indira Talwani
                                                       United States District Judge